JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Beth E. Doyle, Individually and as Executrix of the Estate of Elaine Brown, Deceased

**(b)** County of Residence of First Listed Plaintiff: Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Aaron D. Rihn, Esquire
Robert Peirce & Associates, P.C.
707 Grant Street, Suite 2500, Pittsburgh, PA 15219

## DEFENDANTS

Neshaminy Manor, Inc.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☒ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C Š1983

Brief description of cause: Deprivation of Civil Rights

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ >$75,000.00

CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 01/08/2017

SIGNATURE OF ATTORNEY OF RECORD: D. Aaron Rihn /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 6 Fairview Farm Road, Haverhill, MA 01832

Address of Defendant: 1660 Easton Road, Warrington, PA 18976

Place of Accident, Incident or Transaction: 1660 Easton Road, Warrington, PA 18976
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*
Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) ______

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) ______

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, D. Aaron Rihn, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: January 8, 2018 D. Aaron Rihn /sms/ 85752
Attorney-at-Law Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: January 8, 2018 D. Aaron Rihn /sms/ 85752
Attorney-at-Law Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| BETH E. DOYLE, Individually and as Executrix of the Estate of ELAINE BROWN, Deceased, | : | CIVIL ACTION |
| v. | : | |
| NESHAMINY MANOR, INC., | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| January 8, 2018 | D. Aaron Rihn (SMS) | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 412-281-7229 | 412-281-4229 | arihn@peircelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

BETH E. DOYLE, Individually and as Executrix of the Estate of ELAINE BROWN, Deceased,

Plaintiff,

vs.

NESHAMINY MANOR, INC.,

Defendant.

Case No.:

JURY TRIAL DEMANDED

**PLAINTIFF'S COMPLAINT**

AND NOW, comes the Plaintiff, Beth E. Doyle, Individually and as Executrix of the Estate of Elaine Brown, Deceased, by and through her undersigned counsel, D. Aaron Rihn, Esquire and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendant, Neshaminy Manor, Inc., a skilled nursing facility, for unlawful deprivations of Decedent's federal rights guaranteed by the Omnibus Budget Reconciliation Act of 1987 ("OBRA"); the Federal Nursing Home Reform Act ("FNHRA"); 42 U.S.C. § 1396r, *et al.*; and the implementing regulations found at 42 C.F.R. § 483, *et al*, enforceable under 42 U.S.C. § 1983, and in support thereof, avers as follows:

**NATURE OF ACTION**

This is a proceeding under 42 U.S.C. § 1983 to remedy violations of duties under the Omnibus Budget Reconciliation Act of 1987, the Federal Nursing Home Reform Act, the Federal Nursing Home Regulations, as found at 42 C.F.R. § 483, and the Constitution of the United States of America.

## JURISDICTION AND VENUE

1. As the instant case presents issues of federal law, jurisdiction is proper in the forum as a federal question, pursuant to 28 U.S.C § 1331.

2. Venue lies within the judicial district, since all of the actions complained of herein occurred within the Eastern District of Pennsylvania.

## PARTIES

3. The Plaintiff, Beth E. Doyle, is an adult individual residing at 6 Fairview Road, Haverhill, Massachusetts 01832. Plaintiff is the Executrix of the Estate of Elaine Brown.

4. Beth E. Doyle is the daughter of Decedent, Elaine Brown.

5. Plaintiff brings her action as the personal representative of Decedent, Elaine Brown, on her own behalf and on behalf of all those entitled by law to recover damages for the wrongful death of decedent Elaine Brown.

6. The Defendant, Neshaminy Manor, Inc. operates a long-term care, skilled nursing facility located at 1660 Easton Road, Warrington, Bucks County, Pennsylvania 18976.

7. Defendant Neshaminy Manor, Inc. is owned and operated by Bucks County, Pennsylvania, and as such, is acting under color of state law.

8. Defendant Neshaminy Manor, Inc. is owned and operated by Bucks County, Pennsylvania, and as such, is a governmental agency.

9. Defendant Neshaminy Manor, Inc. shall hereinafter be referred to as "Neshaminy Manor" for the remainder of the Complaint.

10. At all times relevant hereto, Neshaminy Manor, was a "skilled nursing facility" as that term is defined at 42 U.S.C. § 1395I-3.

11. At all times relevant hereto, Neshaminy Manor operated as a "long-term care nursing facility" as that term is defined in 35 P.S. § 448.802(a).

12. In addition to the other claims asserted herein, Plaintiff is asserting a professional liability claim against Neshaminy Manor.

13. At all times relevant hereto, Neshaminy Manor was acting independently and by and through its duly authorized agents, servants and/or employees who were then and there acting within the course and scope of their employment.

**FACTS COMMON TO ALL CAUSES OF ACTION**

14. Elaine Brown was admitted to Penn Presbyterian Medical Center from December 6, 2015 to December 17, 2015 due to increased shortness of breath, pneumonia, sepsis and rib fractures.

15. Ms. Brown was discharged home with hospice care.

16. When she improved clinically at home, Ms. Brown was interested in entering a rehabilitation center to gain strength in order to return to independent living.

17. As such, Ms. Brown became a resident of the Neshaminy Manor facility on January 7, 2016, for rehabilitation therapy to obtain therapies needed to enable her to return home to her husband.

18. At the time of Ms. Brown's admission to Neshaminy Manor, she was in a clinically stable condition.

19. Upon admission, her orders included: daily vital checks; dysphagia therapy five times per week for eight weeks; she was placed on full liquid plus nectar liquids for potential of aspiration; and was prescribed Lasix 20 mg tablet one per day for increased secretions.

20. Ms. Brown's vitals at 1:31 p.m. on day of admission were: pulse 108; blood pressure 113/68; weight 90.1 lbs.

21. Nursing notes from the day of her admission indicate that Ms. Brown was incontinent of both bowel and bladder; however, there was no documentation of the amount of intake or the number of briefs/diapers used for the day.

22. On January 8, 2016, a new order for Lasix 20mg orally twice daily was written due to edema.

23. Nursing notes again indicated Ms. Brown was incontinent of both bowel and bladder; however, there was no documentation of the amount of intake or the number of briefs/diapers used for the day.

24. On that date, Ms. Brown's vitals were taken at 7:14 a.m.: pulse 108; blood pressure 90/51; weight 97.1 lbs. – an increase of 7 lbs. in one day.

25. Nursing notes entered at 2:21 p.m. indicate Ms. Brown had a very poor appetite and only accepted small amounts of fluid.

26. On January 9, 2016, new orders for Roxanel, Xanex and Benadryl were entered.

27. Nursing notes again indicated Ms. Brown was incontinent of both bowel and bladder; however, there was no documentation of the amount of intake or the number of briefs/diapers used for the day.

28. In the evening, Ms. Brown refused her Fluticasone stating that her mouth was dry.

29. Her vitals at 9:10 p.m.: pulse 114 and blood pressure 135/76.

30. On January 10, 2016, Ms. Brown again refused her Fluticasone and there was no documentation of the amount of intake or output for the day.

31. On January 11, 2016, orders were entered to increase the Lasix to 30mg twice daily and once again, there was no documentation for the amount of intake or output for the day.

32. On January 12, 2016, Ms. Brown was transported to Doylestown Hospital due to black colored stool. It was determined that she was dehydrated and had a Sodium level of 149.

33. Ms. Brown was treated with IV fluids at the hospital and returned to Neshaminy Manor with orders to increase her fluid intake.

34. Neshaminy Manor had no documentation for Ms. Brown's intake or output for that day.

35. On January 14, 2016, Ms. Brown weighed 86.6 lbs. – a loss of 10.5 lbs. in one week.

36. On January 15, 2016, it was noted that Ms. Brown exhibited labored breathing, her pulse was 118, blood pressure was 80.54 and her respiratory rate was 30.

37. Ms. Brown's daughter and her physician were notified, and she was transferred to Doylestown Hospital.

38. Upon her arrival to the hospital, Ms. Brown was found to be severely dehydrated and hypernatremic, with a Sodium level of 159.

39. Ms. Brown continued to decline and at 5:10 p.m. she was less responsive, her blood pressure was very low and she was tachycardic.

40. The hospital staff discussed Ms. Brown's critical status with her husband, at which time he requested to cease all treatments.

41. On January 16, 2016, Ms. Brown passed away.

42. During her admissions to Neshaminy Manor, Ms. Brown exhibits signs and symptoms of becoming dehydrated, including an increase in heart rate, a systolic blood pressure less than 100 and refusing medications because her mouth was dry.

43. In addition, dehydration is a potential side effect with the usage of Benadryl and Lasix as they are known to cause further depletion of fluid stores in the body.

44. Despite these risks, Neshaminy Manor nursing staff failed to monitor Ms. Brown for signs and symptoms of dehydration and failed to notify the physician when it was clear that Ms. Brown was in fact dehydrated.

45. Care plans are designed to ensure that all members of the nursing staff and health care team can quickly assess a resident's present needs and determine what interventions are to be implemented for that particular resident.

46. However, the care plans developed by Neshaminy Manor for Ms. Brown was inaccurate and/or incomplete.

47. As a result, the Neshaminy Manor care plans did not address the relevant care needs of Ms. Brown, and appropriate interventions were not implemented to address her potential risks for harm.

48. Defendant, Neshaminy Manor, as well as its employees and agents, had a duty to ensure that all persons providing care within the facility were competent to provide that care.

49. At all relevant times material hereto, Defendant Neshaminy Manor, its agents and employees owed a duty not to violate the federally protected legal rights of any resident, and had a duty to comply with all provisions of the Omnibus Budget Reconciliation Act of 1987/Federal Nursing Home Reform Act, 42 U.S.C. §§ 1396r, and the implementing regulations found at 42 C.F.R. §483, *et seq.*

50. The above noted statutes and regulations are designed and intended to protect the interests of person such as Elaine Brown, who are residing in facilities such as Neshaminy Manor.

51. The above noted statutes and regulations are designed and intended to protect persons such as Elaine Brown against the hazards she encountered and the harm, and untimely death, she suffered while residing at Neshaminy Manor.

52. Defendant Neshaminy Manor, as well as its employees and agents, had a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for residents such as Elaine Brown.

**COUNT I**

**Deprivation of Civil Rights Enforceable via 42 U.S.C. §1983 – Wrongful Death**

53. All preceding paragraphs of the Complaint are incorporated herein, as if set forth more fully at length.

54. Defendant Neshaminy Manor is an agent of the Commonwealth of Pennsylvania, and at all times relevant to the Complaint, was acting under the color of state law.

55. Defendant Neshaminy Manor is bound generally by the Omnibus Budget Reconciliation Act of 1987 ("OBRA") and the Federal Nursing Home Reform Act ("FNHRA"),

which was and is contained within the Omnibus Reconciliation Act of 1987. See 42 U.S.C. § 1396r.

56. Defendant Neshaminy Manor is also bound generally by OBRA/FNHRA implementing regulations found at 42 C.F.R. § 483, *et seq*., which served to define specific statutory rights set forth in the above-mentioned statutes.

57. The specific detailed regulatory provisions, as well as the statutes in question, create rights which are enforceable pursuant to 42 U.S.C. § 1983, as the language of these regulations and statutory provisions clearly and unambiguously creates those rights.

58. Upon information and belief, Defendant Neshaminy Manor, as a custom and policy: failed to adhere to the above statutes and regulations; and/or in the alternative, failed to implement and follow appropriate custom and polices; and/or in the alternative, had unwritten customs and policies that did not adhere to the applicable statutes and regulations.

59. Defendant Neshaminy Manor, in derogation of the above statutes and regulations, and as a custom and policy, failed to comply with the aforementioned regulations, as follows:

a. By failing, as a custom and policy, to care for patients, including Elaine Brown, in a manner that promoted maintenance or enhancement of her life, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

b. By failing, as a custom and policy, to promote the care of patients, including Elaine Brown, in a manner and in an environment that maintained or enhanced her dignity, as required by 42 C.F.R. § 483.15 and 42 U.S.C. § 1396r(b)(1)(A);

c. By failing, as a custom and policy, to develop a comprehensive care plan for residents, including Elaine Brown, as required by 42 C.F.R. § 483.20 and 42 U.S.C. § 1396r(b)(2)(A);

d. By failing, as a custom and policy, to provide residents, including Elaine Brown, the necessary care and services to allow her to attain

or maintain the highest practicable physical, mental and psycho-social wellbeing, as required by 42 C.F.R. § 483.25 and 42 U.S.C. § 1396r(b)(3)(A);

e. By failing, as a custom and policy, to periodically review and revise a patient's or resident's written plans of care, including Elaine Brown, by an interdisciplinary team after each of the resident's or patient's assessments, as described by 42 U.S.C. § 1396r(b)(3)(A), as required by 42 U.S.C. § 1396r(b)(2)(C);

f. By failing, as a custom and policy, to conduct an assessment of a patient or resident, such as Elaine Brown, as required by 42 U.S.C. § 1396r(b)(3)(A), promptly after a significant change in the resident's physical or mental condition as required by 42 U.S.C. § 1396r(b)(3)(C)(i)(ii);

g. By failing, as a custom and policy, to use the results of the assessments required as described above in developing, reviewing and revising Elaine Brown's plans of care, as required by 42 U.S.C. § 1396r(b)(3)(D);

h. By failing, as a custom and policy, to ensure that patients or residents, including Elaine Brown, were provided medically related social services to attain or maintain the highest practicable physical, mental and psycho-social wellbeing, as required by 42 C.F.R. § 483.45 and 42 U.S.C. § 1396r(b)(4)(ii);

i. By failing, as a custom and policy, to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental and psycho-social wellbeing of each resident or patient, including Elaine Brown, was implemented, as required by 42 C.F.R. § 483.40 and 42 U.S.C. § 1396r(b)(4)(A)(v);

j. By failing, as a custom and policy, to ensure that the personnel responsible for the care of residents were properly certified and/or re-certified as being qualified to perform necessary nursing services, as required by 42 U.S.C. § 1396r(b)(4)(B);

k. By failing, as a custom and policy, to provide sufficient nursing staff to provide nursing and related services that would allow patients or residents, including Elaine Brown, to attain or maintain the highest practicable physical, mental and psycho-social well-

being, as required by 42 C.F.R. § 483.35 and 42 U.S.C. § 1396r(b)(4)(C);

l. By failing, as a custom and policy, to maintain clinical records on all residents, including Elaine Brown, including but not limited to the plans of care and resident's risk assessments, as required by 42 U.S.C. § 1396r(b)(6)(C);

m. By failing, as a custom and policy, to ensure that the Neshaminy Manor facility was administered in a manner that enabled it to use its resources effectively and efficiently to allow patients or residents, including Elaine Brown, to attain or maintain their highest practicable level of physical, mental and psycho-social wellbeing, as required by 42 C.F.R. § 483.75, 42 U.S.C. § 1396r(d)(A) and 42 U.S.C. § 1396r(d)(A) and 42 U.S.C. § 1396r(d)(1)(C);

n. By failing, as a custom and policy, to ensure that the administrator of Neshaminy Manor met the standards established under 42 U.S.C. § 1396r(f)(4), as required by 42 U.S.C. § 1396r(d)(1)(C);

o. By failing, as a custom and policy, to ensure that Neshaminy Manor was complying the federal, state, local laws and accepted professional standards which apply to professionals providing services to residents, including Elaine Brown, and in operating such a facility as Neshaminy Manor, as required by 42 U.S.C. § 1396r(d)(4)(A); and,

p. By failing, as a custom and policy, to ensure that Neshaminy Manor's administrator and director of nursing properly monitored and supervised subordinate staff, thereby failing to ensure the health and safety of residents or patients, including Elaine Brown, in derogation of 42 C.F.R. § 483.75 and 42 U.S.C. § 1396r(a)(W).

60. As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent, Elaine Brown, was injured as previously referenced, and suffering pain, distress and death as a result of the poor care and treatment which allowed her to develop the various conditions described herein. As such,

Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988:

a. Money for funeral and estate expenses incurred because of the death of the Decedent;

b. Damages for the lost services, assistance, guidance, counseling, companionship and society of Decedent;

c. Financial support and all pecuniary benefits which they would have received from the Decedent;

d. The expenses of administration; and,

e. Other losses and damages permitted by law.

WHEREFORE, Plaintiff, Beth E. Doyle, Individually and on behalf of the Estate of Elaine Brown, Deceased, demands compensatory and consequential damages from the Defendant in an amount in excess of the jurisdictional arbitration limits, together with interest, costs of suit, and any other relief the Honorable Court deems appropriate to recover for which the suit is filed.

**COUNT II**

**Deprivation of Civil Rights Enforceable via 42 U.S.C. §1983 - Survival**

61. All preceding paragraphs of the Complaint are incorporated herein, as if set forth more fully at length.

62. As a proximate result of the Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously referenced and suffered pain, distress and death as a result of poor care and treatment given to Elaine Brown allowing her to develop the conditions as referenced herein. As such, Plaintiff has

suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. 1983 and 1988:

a. Pain, suffering inconvenience, anxiety and nervousness of Elaine Brown until the time of her death;

b. Hospital, medical, surgical and nursing expenses incurred on Plaintiff's Decedent's behalf; and,

c. Other losses and damages permitted by law.

WHEREFORE, Plaintiff, Beth E. Doyle, Individually and on behalf of the Estate of Elaine Brown, Deceased, demands compensatory and consequential damages from the Defendant in an amount in excess of the jurisdictional arbitration limits, together with interest, costs of suit, and any other relief the Honorable Court deems appropriate to recover for which the suit is filed.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: D. Aaron Rihn

D. AARON RIHN, ESQUIRE
Counsel for Plaintiff

Pa. I.D. No.: 85752
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229