# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETH E. DOYLE, individually and as executrix of the estate of Elaine Brown, deceased,<br>    Plaintiff,<br><br>    v.<br><br>NESHAMINY MANOR, INC.<br>Defendant. | CIVIL ACTION<br><br>NO. 2:18-cv-00098-MMB |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                April 25 , 2018

### I.   Introduction

Plaintiff Beth Doyle, individually and as executrix of the estate of Elaine Brown, asserts that that her mother, Elaine Brown, was deprived of her civil rights under 42 U.S.C. § 1983 by Defendant Neshaminy Manor, Inc. a long-term care, skilled nursing facility owned and operated by Bucks County, Pennsylvania, through Defendant's failure to abide by the requirements of the Federal Nursing Home Reform Amendments (FNHRA) when her mother died after lengthy stays at Defendant. Her Complaint states two enumerated counts for relief:

    I)   Deprivation of Civil Rights Enforceable via 42 U.S.C. § 1983 – Wrongful Death

    II)  Deprivation of Civil Rights Enforceable via 42 U.S.C. § 1983 – Survival

Plaintiff also states in Paragraph 12 of her complaint that she asserts a professional liability claim, no professional liability claim appears among the numbered counts for relief toward the end of the Complaint. (Compl. ¶ 12, ECF 1.)

Defendant now moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and 12(b)(7) for failure to join an indispensable party, Bucks County, which

owned and operated Neshaminy Manor. For the reasons that follow, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## II. Background

The following facts are taken as true from Plaintiff's Complaint. Plaintiff's mother, Elaine Brown, was admitted to Penn Presbyterian Medical Center from December 6, 2015 until December 17, 2015 for shortness of breath, pneumonia, sepsis, and rib fractures. (Compl. ¶ 14, ECF 1). Brown was discharged to her home with hospice but decided to enter a rehab center to regain strength. (Id. ¶¶ 15-16.) On January 7, 2016, Brown, at that time clinically stable, became a resident of Neshaminy Manor in order to receive rehabilitation therapy. (Id. ¶ 17.)

On the day of her admission, Brown had vital readings of pulse 108, blood pressure 113/68, and weight 90.1 lbs. (Id. ¶ 20.) Nursing notes from her admission date state that Brown was incontinent, but do not state the amount of intake or number of briefs/diapers used for the day. (Id. ¶ 21.)

On January 8, 2016, the day after admission, a prescription for Lasix 20 mg to be taken twice daily for edema was written. (Id. ¶ 22.) Nurse notes from January 8 again note Brown's incontinence, but do not state the amount of intake or number of briefs/diapers used for the day. (Id. ¶ 23.) These notes also indicate that Brown had low appetite and drank few fluids that day. (Id. ¶ 25.) Brown's vitals for that day were pulse 180, blood pressure 90/51, and weight 97.1 lbs. (Id. ¶ 24.) Brown had gained seven pounds in one day. (Id.)

On January 9, 2016, prescriptions for Roxanel, Xanax, and Benadryl were entered. (Id. ¶ 26.) Brown was now receiving both Lasix and Benadryl, which have potential side effects of dehydration. (Id. ¶ 43.)

For the next few days, records indicate Brown was incontinent and suffered from dry mouth, but made no mention of intake or number of diapers/briefs used. (Id. ¶¶ 27-31.)

On January 12, 2016, Brown was transported to Doylestown Hospital due to black colored stool where it was determined she was suffering from dehydration and sodium levels of 149. (Id. ¶ 32.) Brown was treated with fluids at the hospital and then released back to Neshaminy Manor with instructions to increase her fluid intake. (Id. ¶ 33.)

On January 14, 2016, Brown weighed 86.6 pounds, a decrease of 10.5 pounds in the span of a week. (Id. ¶ 35.)

On January 15, 2016, Brown experienced labored breathing and was transferred back to Doylestown Hospital. (Id. ¶ 37.) Upon arrival, Brown was severely dehydrated and had sodium levels of 159. (Id. ¶ 38.) Brown's condition continued to decline and her husband decided to cease treatment after talking to doctors at the hospital. (Id. ¶¶ 39-40.) Brown died on January 16, 2016. (Id. ¶ 41.)

Plaintiff asserts that the care plans instituted by Defendant for her mother's care were inaccurate or incomplete, and Defendant did not address Brown's care needs as a result, leading ultimately to her death. (Id.)

## III.   Procedural History

On January 9, 2018 Plaintiff, on behalf of herself and the estate of Elaine Brown, filed this action in this Court. (Compl., ECF 1). The Complaint alleged fully sixteen provisions of the FNHRA and its implementing regulations that Defendant allegedly failed to comply with as a custom or policy, and asserted the following two counts:

I)   Deprivation of Civil Rights Enforceable via 42 U.S.C. § 1983 – Wrongful Death

II)  Deprivation of Civil Rights Enforceable via 42 U.S.C. § 1983 – Survival

Plaintiff also stated in Paragraph 12 of her Complaint that "[i]n addition to the other claims asserted herein, Plaintiff is asserting a professional liability claim against Neshaminy Manor." (Id. ¶ 12.)

On February 22, 2018, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) for failure to state a claim and failure to join an indispensable party. (Mot. to Dismiss, ECF 7). Plaintiff filed a response in opposition to Defendant's motion to dismiss on March 23, 2018. (ECF 11). Defendant filed a reply on April 2, 2018. (ECF 12).

**IV. Legal Standard**

In considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While factual allegations must be treated as true, legal conclusions do not. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555).

In considering a motion to dismiss under Rule 12(b)(7), a court must first determine whether a party is necessary under Rule 19(a) and, next, whether the party is indispensable under Rule 19(b). Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(a) states as follows, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating

to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Id. (citing Fed. R. Civ. P. 19(a)). Rule 19(b) governs situations when joinder is "not feasible."

V.  Analysis

The parties appear fundamentally to disagree on the nature of this case. Defendants assert in the first paragraph of their motion to dismiss that "[t]his is a professional liability action stemming from allegations of abuse and neglect during the course of Elaine Brown's residency at Neshaminy Manor." (Mot. to Dismiss at ¶ 1, ECF 7.) The Complaint clearly alleges deficient care at Neshaminy Manor, yet Defendant proceeds as though this lawsuit presents negligence claims, rather than the federal deprivations of civil rights pursuant to 42 U.S.C. § 1983 that Plaintiff actually enumerates in her Complaint. The Third Circuit has found that a plaintiff may proceed on a § 1983 claim for deprivation of life (and wrongful death) against a county-operated skilled nursing facility for failing to meet the standards of the FNHRA. Grammer v. John J. Kane Regional Centers-Glen Hazel, 570 F.3d 520 (3d Cir. 2009) (finding FNHRA individually enforceable under § 1983 in a wrongful death action). Section 1983 provides a vehicle for Plaintiff to present claims of regulatory noncompliance by Defendant resulting in the death of Plaintiff's mother. Plaintiff clearly wishes to avail herself of that opportunity, and has pled sufficient facts to proceed.

**A. Immunity Pursuant to Political Subdivision Tort Claims Act**

Defendant argues that the Political Subdivision Tort Claims Act (PSTCA) provides for immunity to this suit. (Mot. to Dismiss at ¶ 23, ECF 7). Because Defendant is owned and operated by Bucks County, Defendant argues, and the PSTCA bars wrongful death or medical

5

malpractice actions such as this lawsuit, the PSTCA provides immunity, so that this case should be dismissed with prejudice.

The Third Circuit has held that the PSTCA, "although effective against a state tort claim, has no force when applied to suits under the Civil Rights Acts." Wade v. City of Pittsburgh, 765 F.2d 405, 407 (3d Cir. 1985). Because both enumerated claims brought by Plaintiff are federal civil rights claims, the PSTCA cannot be used to immunize a county or its employees against either claim. The Court therefore will not dismiss the action on this ground.

**B. Municipal Liability under Section 1983**

Defendant next argues that Plaintiff has failed to state a claim for a § 1983 violation against Neshaminy Manor.

The Third Circuit, in an unpublished decision, recently addressed the standard for municipal liability under § 1983 against a county-operated nursing facility under FNHRA. First, "a plaintiff must first allege action under the color of state law and a violation of a federally protected right." Robinson v. Fair Acres Geriatric Ctr., No. 16-3341, 2018 WL 871463, at *1 (3d Cir. Feb. 14, 2018). Plaintiff has met this first requirement by pleading that Defendant operates a long-term, skilled nursing facility owned and operated by Bucks County, and that its failure to comply with various requirements of FNHRA—including the requirements for developing comprehensive care plans, reviewing care plans, and conducting patient assessments—led to Brown's death.

In order to state a § 1983 claim against a nursing facility, a plaintiff must also plead that the alleged violation were "caused by action taken pursuant to a municipal policy or custom." Id. at *2 (3d Cir. Feb. 14, 2018) (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003)). A custom, in this context, includes only "practices of state officials ... so

6

permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)). The Robinson court continued:

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. First, an employee's action can be said to result from a policy or custom where the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy. Alternatively, a challenged action can be considered the result of a policy or custom where no rule has been announced as policy but federal law has been violated by an act of the policymaker itself. Finally, we treat actions as being the result of policy or custom where the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.

Id. (internal quotations and citations omitted) (alteration original).

In Paragraph 59 of her Complaint, Plaintiff states that Defendant failed to comply with sixteen separate provisions of FNHRA and/or its regulations, which she lists in a lengthy series of paragraphs. One typical paragraph asserted that Defendant "fail[ed], as a custom and policy, to periodically review and revise a patient's or resident's written plans of care, including Elaine Brown, by an interdisciplinary team after each of the resident's or patient's assessments, as described by 42 U.S.C. § 1396r(b)(3)(A), as required by 42 U.S.C. § 1396r(b)(3)(C)." (Compl. ¶ 59(e)). No additional factual material about Defendant's custom or policy is provided in the Complaint.

Plaintiff's references to the policy or custom of Defendant, are only conclusory, and Plaintiff does not allege that Brown's death was "caused by affirmative actions on the part of a particular policymaker," so that she may not proceed on the first two means of establishing liability. Robinson, 2018 WL at *2 (finding that plaintiff could not proceed on the first two

means of establishing municipal liability but had stated a claim under § 1983 for municipal liability under a deliberate indifference theory). However, given that Plaintiff alleged that Brown underwent severe weight fluctuations, Defendant allegedly seldom if ever kept records of Brown's intake (while prescribing prescriptions with side effects of dehydration) and Brown apparently arrived twice at Doylestown Hospital from Neshaminy Manor in a state of dehydration (the second time in a state of "severe dehydration"), the Court finds that Plaintiff has stated sufficient facts on her wrongful death and survival claims under 42 U.S.C. § 1983 on a deliberate indifference theory.

### C. Professional Liability

Defendant has alleged that Plaintiff may not bring a claim of professional liability due to a failure to provide a certificate of merit within 60 days of filing the complaint as required by Pennsylvania Rule of Civil Procedure 1042.3. (Mot. to Dismiss at ¶ 58, ECF 7). The Third Circuit has concluded that "mandating a certificate of merit in professional negligence claims, is substantive law under the Erie Rule and must be applied as such by federal courts." Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 264-65 (3d Cir. 2011).

Plaintiff has stated that "in addition to the other claims asserted herein, Plaintiff is asserting a professional negligence claim against Neshaminy Manor." (Compl. ¶ 12, ECF 1). Plaintiff has not filed a certificate of merit within 60 days of filing the complaint. Plaintiff has withdrawn this claim as she has not contested Defendant's motion to dismiss on this point. (Pl. Opp. to Mot. to Dismiss at 15, ECF 11) ("Plaintiff has no intention of pursuing a professional liability claim against the Defendant").

Nevertheless, Defendants, citing only Pennsylvania state court decisions, insist that the lack of a certificate of merit is fatal to Plaintiff's § 1983 claims because the § 1983 claims

8

"sound[ed] in professional negligence." (Reply Br. at 3, ECF 12.) The Third Circuit recently stated in a non-precedential opinion that parties "may not avoid the filing of a certificate of merit by labeling professional liability claims as something else." Perez v. Griffin, 304 F. App'x 72, 75 (3d Cir. 2008) (dismissing malpractice claims against attorney for lack of certificate of merit but dismissing § 1983 claims against attorney for lack of state action). As noted, it is perfectly appropriate for Plaintiff, should she choose, to pursue her allegations of deficient care under a § 1983 regulatory noncompliance theory. There is no requirement that a plaintiff file a certificate of merit to sue under 42 U.S.C. § 1983, and the Court therefore declines to dismiss the Complaint in its entirety on this ground. See Staten v. Lackawanna Cty., No. CIV.A. 4:07-CV-1329, 2008 WL 249988, at *3 (M.D. Pa. Jan. 29, 2008) (declining to dismiss complaint for lack of a certificate of merit where the case was "simply a 42 U.S.C. § 1983 case with no supplemental state law claims").

However, because Plaintiff does not oppose Defendant's motion to dismiss the professional negligence claim purportedly made in Paragraph 12 of the Complaint, any such professional negligence claim under state law is dismissed with prejudice.

**D. Failure to Join an Indispensable Party**

Defendant alleges that The County of Bucks is a required and indispensable party to this case as the county and not Neshaminy Manor, Inc. was the actual owner and operator of Neshaminy Manor, and Neshaminy Manor, Inc. was not responsible for Plaintiff's mother's care. (Mot. to Dismiss ¶¶ 48-49, ECF 7.) Defendant bases this argument on an affidavit from the Director of the Bucks County Health Department that made a number of assertions, such as "Neshaminy Manor, Inc. is a non-profit corporation established in 1977 by the County of Bucks" and "Neshaminy Manor, Inc. is not an actively functioning entity and does not own or operate

Neshaminy Manor." (Damsker Aff. ¶¶ 3-4, Ex. B to Mot. to Dismiss, ECF 7-3.) Further, Defendant alleges that Plaintiff had until January 16, 2018, two years from her mother's death, to file a complaint against The County of Bucks to satisfy the statute of limitations for Plaintiff's claims, compelling dismissal of the entire action. (Mot. to Dismiss ¶¶ 53-54, ECF 7).

Rule 12(b)(7) allows a complaint to be dismissed for failure to join a party under Fed. R. Civ. P. 19. When reviewing a motion to dismiss under Rule 12(b)(7), a court must "accept as true the allegations in the complaint and draw all reasonable inferences in the non-moving party's favor." Scottsdale Ins. Co. v. RSE Inc., 303 F.R.D. 234, 236 (E.D. Pa. 2014).

Rule 19(a) defines a required party as follows:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Taking all of the allegations in the Complaint as true, the Court finds that Defendant has not met the standard for dismissal under 12(b)(7) because it has not shown that Bucks County is an indispensable party. Plaintiff has pled that Neshaminy Manor, Inc., although itself owned and operated by Bucks County, was a skilled nursing home, and operated the long-term nursing facility where Plaintiff's mother died. (Compl. ¶¶ 7-11). At best, Defendant has raised factual issues about the ownership and control structure of Neshaminy Manor, but this is not sufficient to meet the burden for granting a motion under 12(b)(7). As pled, Defendant Neshaminy Manor, Inc. would be sufficient to accord complete relief in this case.

However, the Court also notes that Plaintiff, in addition to denying that Neshaminy Manor, Inc. is an indispensable party, requests leave to amend her Complaint to add "The County of Bucks" as a defendant. (See Mot. in Opp. to Mot. to Dismiss at 2, ECF 10.) Leave to amend to add Bucks County as a defendant will be granted should Plaintiff choose to do so.

**VI.     Conclusion**

Defendant's motion to dismiss (ECF 7) is hereby **GRANTED WITH PREJUDICE** as to Plaintiff's professional liability claim and **DENIED** as to Counts I and II.

An appropriate order follows.

O:\CIVIL 18\18-98 Doyle v. Neshaminy Manor\18cv98 Doyle MTD Memo.docx